**Philip McGrady**
**MCGRADY LAW**
**309 Wisconsin Ave.**
**Whitefish, MT 59937**
**406-322-8647 (ph.)**
**406-324-7313 (fax)**
**Philip@mcgradylawfirm.com**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**DIVISION**

| | | |
|---|---|---|
| **JORDAN SEIFFERT,** | ) | |
| on Behalf of Himself | ) | JURY TRIAL DEMANDED |
| and All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case no.: |
| | ) | |
| **QWEST CORPORATION d/b/a** | ) | |
| **CENTURYLINK QC, and** | ) | |
| **CENTURYLINK** | ) | |
| **COMMUNICATIONS,** | ) | |
| **LLC** | ) | |
| Defendant. | ) | |

**COMPLAINT**
**Collective Action under §216(b) of FLSA**

Plaintiff Jordan Seiffert, on behalf of himself, and all others similarly situated, by and through counsel, for his Complaint against Defendant Qwest Corporation d/b/a CenturyLink QC and Defendant CenturyLink Communications, LLC (collectively "CenturyLink" or "Defendants") states as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff Jordan Seiffert is a former Engineer for CenturyLink. He performed manual and clerical tasks for which CenturyLink paid him a salary.

2. CenturyLink classified Plaintiff Seiffert and other Engineers as exempt "management" employees even though Plaintiff Seiffert never managed or supervised any employees.

3. CenturyLink is traded on the New York Stock Exchange under the symbol "CTL" and "is the second largest U.S. communications provider to global enterprise customers…[w]ith customers in more than 60 countries(.)" CenturyLink provides managed network services, which connects more than 350 metropolitan areas with more than 450,000 route miles of fiber network globally. *See* CenturyLink website: http://www.centurylink.com/aboutus/companyinformation/ and http://www.level3isnowcenturylink.com/-/media/ctl-merger/enctlcompanyoverview.pdf.

4. This is a FLSA collective action brought by Individual and Representative Plaintiff Seiffert on his own behalf and on behalf of the proposed nationwide class.

5. Plaintiff Seiffert and the Engineer putative class members are or were employed by CenturyLink as "Engineer Is" and/or "Engineer IIs" in the

Global Ops & Shared Services – Engineering & Construction Business Unit and other like jobs with similar job titles (collectively "Engineers")[1], who were denied overtime as required by federal wage and hour laws ("Engineer FLSA Collective Class"). These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

6. The Engineer FLSA Collective Class is made up of all persons who are or have been employed by CenturyLink as "Engineer Is" and/or "Engineer IIs" in the Global Ops & Shared Services – Engineering & Construction Business Unit, regardless of actual title, (collectively as "Engineers") and whom CenturyLink classified as "exempt" from FLSA overtime requirements, within the United States at any time within the last three years (the "Collective Period").

7. During the Collective Period, CenturyLink failed to pay overtime compensation to Plaintiff and each member of the Engineer FLSA Collective Class.

8. CenturyLink's failure to pay overtime compensation to each member of this Collective Class violates federal law. Plaintiff seeks relief for the Engineer FLSA Collective Class under the FLSA to remedy CenturyLink's failure to

[1] Throughout this Complaint, Plaintiff refers to these Engineers (I & II) collectively as "Engineers."

pay all wages due, pay overtime compensation, and maintain accurate time records.

9. Until recently, CenturyLink's policy and practice was to deny earned wages including overtime pay to its Engineers. In particular, CenturyLink required these employees to perform work in excess of forty (40) hours per week, but failed to pay them overtime by illegally classifying all such employees as exempt from the overtime requirements.

10. CenturyLink operated under a scheme to deprive these employees of overtime compensation by failing to properly compensate them for all hours worked. CenturyLink represented to its employees and the public that its Engineers are "management" employees, when CenturyLink knows these employees do not supervise other employees.

11. CenturyLink's deliberate illegal classification of its Engineers as exempt from the overtime requirements resulted in CenturyLink willfully violating the FLSA.

## PARTIES

12. Plaintiff Jordan Seiffert worked for CenturyLink as an Engineer in Montana from about December 20, 2015 to December 19, 2016. Prior to that, Plaintiff Seiffert worked for CenturyLink as an Engineer in Anoka, Minnesota from about March 2011 to December 2015. Plaintiff Seiffert's

Consent to become a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached as an exhibit.

13. Defendant Qwest Corporation d/b/a CenturyLink QC is a Colorado corporation with its principal office located at 100 CenturyLink Dr., Monroe, LA. Defendant Qwest Corporation d/b/a CenturyLink QC physically does business in this judicial district and also nationwide thru the internet and other media.

14. Defendant CenturyLink Communications, LLC is a Delaware limited liability company with its principal office located at 100 CenturyLink Dr., Monroe, LA. Defendant CenturyLink Communications, LLC physically does business in this judicial district and also nationwide thru the internet and other media.

**JURISDICTION AND VENUE**

15. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

16. The United States District Court for the District of Montana has personal jurisdiction because CenturyLink conducts business within this District.

17. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as CenturyLink has offices, conducts business, and can be found in this

District, and the causes of action set forth herein have arisen and occurred in part in this District. Venue is also proper under 29 U.S.C. §1132(e)(2) because CenturyLink has substantial business contacts within the state of Montana.

## FACTUAL ALLEGATIONS

18. CenturyLink (NYSE: CTL) is the "second largest U.S. communications provider to global enterprise customers. With customers in more than 60 countries and an intense focus on the customer experience, CenturyLink strives to be the world's best networking company by solving customers' increased demand for reliable and secure connections. The company also serves as its customers' trusted partner, helping them manage increased network and IT complexity and providing managed network and cyber security solutions that help protect their business." *See* CenturyLink's website at http://www.centurylink.com/aboutus/company-information.html.

19. At all relevant times, Defendant Qwest Corporation d/b/a CenturyLink QC has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

20. At all relevant times, Defendant CenturyLink Communications, LLC has been, and continues to be, an "employer" engaged in interstate "commerce"

and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

21. At all relevant times, CenturyLink employed, and/or continues to employ, "employee[s]," including Plaintiffs and all similarly situated employees.

22. At all relevant times, Defendant Qwest Corporation d/b/a CenturyLink QC has had gross operating revenues in excess of $500,000.00, which is the threshold test for the "enterprise" requirement under the FLSA.

23. At all relevant times, Defendant CenturyLink Communications, LLC has had gross operating revenues in excess of $500,000.00, which is the threshold test for the "enterprise" requirement under the FLSA.

Engineers

24. CenturyLink paid Plaintiff Seiffert and other Engineers a salary with bonus eligibility without paying them overtime compensation.

25. CenturyLink uniformly applied its salary and bonus payment structure to all Engineers.

26. Defendant suffered and permitted Plaintiff Seiffert and other Engineers to work more than forty hours per week without overtime compensation for all overtime hours worked.

27. For example, while an Engineer, Plaintiff Seiffert's schedule fluctuated from day-to-day. However, his regular schedule had him working Mondays

through Fridays, generally from 8 am until 5 pm. Additionally, Plaintiff Seiffert typically worked and additional 1-2 hours each weekday evening. And, Plaintiff Seiffert also worked approximately 2 weekends every month, averaging 6-8 hours on each occasion of weekend work. As such, during this time period, Plaintiff Seiffert's regular schedule had him working an average of 50-55 hours per week.

28. However, Defendant only paid Plaintiff Seiffert for his first forty hours worked, failing to pay him at any rate of pay, let alone his regular rate of pay or his overtime rate of pay, for the extra approximately 10-15 overtime hours that he worked per week.

29. CenturyLink knows and/or knew Plaintiff Seiffert and other Engineers worked more than forty hours in a week because CenturyLink expected Plaintiff Seiffert and other Engineers to be available to work and answer emails from CenturyLink management employees in the evenings and on weekends.

30. Further, CenturyLink knows and/or knew Plaintiff Seiffert and other Engineers worked more than 40 hours per week because they documented much of their work time in CenturyLink's timekeeping system.

31. CenturyLink uniformly misrepresented to Plaintiff Seiffert and other Engineers that they were exempt "management" employees and therefore ineligible to receive overtime pay.

32. CenturyLink treated Plaintiff Seiffert and other Engineers as exempt employees and therefore did not pay them overtime compensation even though they worked overtime hours. Until approximately February 2018, Defendant uniformly applied this policy and practice to all Engineers.

33. In reality, Plaintiff Seiffert and other Engineers are and were non-exempt employees who are and were entitled to overtime pay.

34. Plaintiff Seiffert and other Engineers (I & II) work shoulder to shoulder and perform the same or similar job duties, with the same or similar job function, reporting to the same managers, with the same job performance expectations, and were subject to Defendant's same misclassification of their position as "exempt"—and recent reclassification of their position as "nonexempt"—from the FLSA's overtime requirements.

35. In or around February 2018, Defendant reclassified all its Engineers (I & II) as non-exempt employees, entitled to overtime pay for hours worked in excess of forty (40) in a workweek.

36. CenturyLink is in the business of communication services. Plaintiff Seiffert's and other Engineers' work is and was directly related to providing these communication services.

37. Plaintiff Seiffert and Engineers did not regularly supervise the work of two or more employees.

38. Plaintiff Seiffert and Engineers did not regularly did not exercise discretion and independent judgment as to matters of significance or perform office work related to CenturyLink's general business operations or its customers.

39. Plaintiff Seiffert and Engineers had no advance knowledge in a field of science or learning which required specialized instruction that was required to perform the job.

40. CenturyLink did not pay Plaintiff Seiffert and other Engineers on an hourly basis.

41. CenturyLink did not require that Plaintiff Seiffert and other Engineers have a professional degree or license to perform the job.

42. All Engineers are similarly situated in that they share common job duties and descriptions, and were all subject to CenturyLink's policy and practice that designated them as exempt and thus they all performed work without overtime compensation.

43. Because CenturyLink did not pay Plaintiff Seiffert and other Engineers for all the hours they worked including overtime hours, CenturyLink's wage statements did not accurately reflect all hours Plaintiff Seiffert and other Engineers worked.

44. CenturyLink did not pay Plaintiff Seiffert and other Engineers overtime pay for hours they worked in excess of 40 hours per week.

45. Accordingly, CenturyLink did not provide Plaintiff Seiffert and other Engineers with all compensation owed to them, including their unpaid overtime, at the time they separated.

CenturyLink's Liability

46. CenturyLink is aware of wage and hour laws, as evidenced by the fact that they provide overtime compensation to other employees who are not Engineers.

47. CenturyLink acknowledged its legal obligation to comply with the FLSA's overtime requirement when, in or around February 2018, it uniformly reclassified all its Engineers as non-exempt employees, entitled to overtime premiums for hours worked in excess of forty (40) in each workweek.

48. CenturyLink was previously sued for its failure to pay overtime premiums to its Engineers (I & II), in *Grady v. CentruryLink Communications, LLC*, No. CV-15-85-BLG-BMM (D. Mont.). On July 28, 2016, Judge Brian Morris

conditionally certified the *Grady* case as a FLSA collective action. (Doc. 55). The Parties subsequently settled the *Grady* case. (Doc. 103).

49. CenturyLink's unlawful conduct has been widespread, repeated and consistent.

50. CenturyLink's conduct, as set forth in this Complaint, was willful and not in good faith, and has caused significant damages to Plaintiff and other Engineers.

51. CenturyLink is liable under the FLSA for failing to properly compensate Plaintiff and the Engineer FLSA Collective Class, and as such, notice should be sent to the FLSA Collective Class. There are numerous similarly situated, current and former employees of CenturyLink who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join. Those similarly situated employees are known to CenturyLink and are readily identifiable through CenturyLink's records.

**COUNT I**

**Collective Action under §216(b) of the FAIR LABOR STANDARDS ACT**
**Overtime Claims – Engineer I FLSA Collective Class**

52. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

53. The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

54. Plaintiff Seiffert and the Engineer FLSA Collective Class are entitled to be paid overtime compensation for all overtime hours worked.

55. Defendant, pursuant to its policies and practices, failed and refused to pay overtime premiums to Plaintiff Seiffert and the Engineer FLSA Collective Class for all of their overtime hours worked.

56. Defendant violated the FLSA, 29 U.S.C. § 201 *et seq*., by failing to compensate Plaintiff Seiffert and the Engineer FLSA Collective Class for overtime compensation.

57. Plaintiff Seiffert and the Engineer FLSA Collective Class do not or did not perform job duties or tasks that permit them to be exempt from overtime compensation as required under the FLSA.

58. By failing to record, report, and/or preserve records of all hours worked by Plaintiff Seiffert and the Engineer FLSA Collective Class, Defendant failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq*.

59. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

60. Plaintiff Seiffert, on behalf of himself and the Engineer FLSA Collective Class, seek damages in the amount of all respective unpaid overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

61. Plaintiff Seiffert, on behalf of himself and the Engineer FLSA Collective Class seek recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

**WHEREFORE,** Plaintiff, on behalf of himself and all members of the Engineer FLSA Collective Class, pray for relief as follows:

A. Designation of this action as a collective action on behalf of the Engineer FLSA Collective Class, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b);

B. A declaration that Defendant is financially responsible for notifying the FLSA Collective Class of its alleged wage and hour violations;

C. Judgment against Defendant for an amount equal to Plaintiff's and the FLSA Collective Members' unpaid overtime wages at the applicable rates;

D. A finding that Defendant's conduct was willful;

E. An equal amount to the unpaid overtime wages as liquidated damages;

F. All costs and attorneys' fees incurred prosecuting these claims, including expert fees;

G. Pre-judgment and post-judgment interest, as provided by law; and

H. Such further relief as the Court deems just and equitable.

**Demand for Jury Trial**

Plaintiff, individually and behalf of all other similarly situated, hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial pursuant to Federal Rule of Civil Procedure 38(b).

Dated: April 30, 2018

Respectfully Submitted,

*/s/ Philip McGrady*
Philip McGrady
MCGRADY LAW
309 Wisconsin Ave.
Whitefish, MT 59937
406-322-8647 (ph.)
406-324-7313 (fax)

Philip@mcgradylawfirm.com

*Of Counsel:*

Rowdy B. Meeks, KS# 16068
**ROWDY MEEKS LEGAL GROUP LLC**
8201 Mission Rd., Suite 250
Prairie Village, Kansas 66208
Tel: (913) 766-5585
Fax: (816) 875-5069
Rowdy.Meeks@rmlegalgroup.com
www.rmlegalgroup.com
*Pro Hac Vice Motion Forthcoming*

Tracey F. George, MO# 52361
**DAVIS GEORGE MOOK LLC**
1600 Genessee, Suite 328
Kansas City, Missouri 64102
Tel: (816) 569-2629
Fax: (816) 447-3939
tracey@dgmlawyers.com
www.dgmlawyers.com
*Pro Hac Vice Motion Forthcoming*

**Attorneys for Plaintiffs**