# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

|  |  |
|---|---|
| JORDAN SEIFFERT, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, | **CV-18-70-GF-BMM** |
| Plaintiffs, | **ORDER** |
| vs. |  |
| QWEST CORPORATION D/B/A/ CENTURYLINK QC AND CENTURYLINK COMMUNICATIONS, LLC, |  |
| Defendants. |  |

Plaintiff Jordan Seiffert, on behalf of himself, and all others similarly situated, brings a collective action against Defendant Quest Corporation d/b/a/ CenturyLink QC and Defendant CenturyLink Communications, LLC (collectively "CenturyLink" or "Defendants"). Defendants move to dismiss out-of-state Plaintiffs and putative Plaintiffs, or, in the alternative, transfer the case to the Western District of Louisiana where CenturyLink is headquartered. (Doc. 31.) Plaintiff Seiffert opposes the motion. (Doc. 36.)

# DISCUSSION

## I. This Court Possesses Personal Jurisdiction Over CenturyLink with Respect to the Claims of Non-Montana Opt-In Plaintiffs.

CenturyLink first alleges that the Court lacks personal jurisdiction over the out-of-state Opt-in Plaintiffs' claims. (Doc. 31 at 11.) The Court must determine whether its exercise of personal jurisdiction would comport with (1) Montana's long-arm statute, and (2) constitutional due process requirements. *Mattel, Inc. v. Greiner and Hausser GmbH*, 354 F.3d 857, 863 (9th Cir. 2003).

Personal jurisdiction exists if a corporation maintains certain minimum contacts with the forum state such that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918-19 (2011). Personal jurisdiction exists either generally or specifically. Montana's long-arm statute "permit[s] the exercise of personal jurisdiction over nonresident defendants to the maximum extent permitted by federal due process." *King v. Am. Family Mut. Ins. Co.,* 632 F.3d 570, 578 (9th Cir. 2011); Mont. R. Civ. P. 4(b)(1). The Court thus applies the same analysis of its jurisdiction under Montana law and federal due process requirements.

Specific personal jurisdiction exists under federal law if the following elements are met: (1) the non-resident defendant purposefully directs his activities, or performs some act that purposefully avails the defendant of the forum's

privileges; (2) the claim arises out of, or relates to, the defendant's forum-related activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice (i.e. is reasonable). *King v. American Family Mut. Ins. Co.,* 632 F.3d 570, 579 (9th Cir. 2011) (*citing Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010)).

Plaintiff Seiffert meets all three elements required for the Court to exercise specific personal jurisdiction over CenturyLink. CenturyLink purposefully directed its business activities to Montana via the internet and other media. Seiffert's claim arises out of CenturyLink's alleged conduct in Montana, where the employment relationship between CenturyLink and him existed. And third, the Court's exercise of personal jurisdiction over CenturyLink for the allegations against it in Montana proves reasonable in light of the fact that it has offices, conducts business, and can be found in this District, and the causes of action arise, in part, in this District.

Defendants rely on *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cnty.*, 137 S.Ct. 1773 (2017), to assert that the Court lacks specific personal jurisdiction over the out-of-state Plaintiffs. A group of plaintiffs brought a mass tort action against Bristol-Myers Squibb in California state court in which they alleged state law claims. *Id.* at 1779. The plaintiffs included 86 people who resided in California, and 592 people who resided in 33 other states. *Id.* The United States Supreme Court determined that the California state court lacked personal

jurisdiction over the state claims brought by the out-of-state plaintiffs as no

connection existed between the forum in California and the claims. *Id.* at 1782-83.

Plaintiffs premised the California state-based tort claims upon alleged

injuries from a drug manufactured by Bristol-Meyers Squibb. *Id.* at 1281. The out-

of-state plaintiffs were not prescribed the drug in California, did not purchase the

drug in California, did not ingest the drug in California, and did not suffer injuries

in California. *Id.* The mere fact that out-of-state plaintiffs suffered the same

injuries as the California resident plaintiffs did not extend the state court's exercise

of specific personal jurisdiction to the out-of-state plaintiffs' claims. *Id.* The

complaint lacked a connection between the forum and the specific claims at issue.

*Id.* The Supreme Court noted, however, that its decision in *Bristol-Meyers* did not

usurp "settled principles" of personal jurisdiction. *Id.* at 1283. The Supreme Court

"[left] open the question whether the Fifth Amendment imposes the same

restrictions on the exercise of personal jurisdiction by a federal court." *Id.* at 1784.

Defendants assert, similar to *Bristol-Myers*, that no connection exists

between the out-of-state Plaintiffs and Montana. Defendants point out that each

out-of-state Plaintiff resided and worked outside of Montana. (Doc. 31 at 18.)

*Bristol-Myers* addressed personal jurisdiction in the context of state law claims.

The putative out-of-state plaintiffs did not live in California, did not work in

California, and did not suffer their injuries in California. *Bristol-Myers*, 137 S.Ct.

at 1779. Each putative out-of-state plaintiff suffered their injury in the state in which they resided. *Id.*

Defendants ask the Court to extend *Bristol-Meyers*'s reasoning to a putative FLSA collective action. Unlike the claims at issue in *Bristol-Meyers*, however, the FLSA claims before the Court arise from a federal statute designed to address employment practices nationwide. *See* 29 U.S.C. §§ 202, 207(a). The FLSA collective action provision allows employees to bring claims on behalf of themselves and other employees "similarly situated." 29 U.S.C. § 216(b). The FLSA does not limit claims to in-state plaintiffs. 29 U.S.C. § 216(b). An analysis of a district court's exercise of personal jurisdiction in the context of an FLSA claim proves more germane to the Court's decision.

The district court in *Swamy v. Title Source, Inc*., 2017 WL 5196780 (N.D. Cal. Nov. 10, 2017), recently examined the scope of personal jurisdiction in FLSA collective actions. *Swamy* involved the named plaintiff, an appraiser employed by defendant, who allegedly had been misclassified as an exempt employee and not paid overtime wages. *Id.* at *1. The named plaintiff brought a putative collective action under the FLSA. *Id.*

The named plaintiff sought conditional certification of his FLSA collective action on behalf of all "staff appraisers" that he alleged similarly had been misclassified as exempt from overtime pay. *Id.* The claim defined the class as "all

staff appraisers that worked for defendant at any time from three years prior to the date the Court authorizes notice to the present." *Id.* Defendants opposed conditional certification of the class on the basis that the district court lacked jurisdiction over non-California residents. *Id.* Defendants asked the district court to extend the reasoning of *Bristol-Meyers* to the FLSA collective action. *Id.*

The district court recognized that "*Bristol-Myers* does not apply to divest courts of personal jurisdiction in FLSA collective actions." *Swamy,* at *2. FLSA collective actions constitute "federal claims created by Congress specifically to address employment practices nationwide." *Id.* The district court further noted that "Congress created a mechanism for employees to bring their claims on behalf of other employees who are 'similarly situated'" *Id.*

This Court agrees with the reasoning in *Swamy* that the Supreme Court in *Bristol-Myers* did not intend to restrict a federal district court's personal jurisdiction in FLSA collective actions authorized by Congress. *Swamy*, at *2. Further, the issues presented appear nearly identical to those at issue in *Swamy*. Seiffert, a former employee of CenturyLink, alleges that he improperly had been classified as an exempt employee and thereby denied overtime to which he would have been entitled. (Doc. 1 at 2-3.)

The collective class allegedly injured by CenturyLink that Seiffert seeks to certify consists of "all persons who are or have been employed by CenturyLink as

'Engineer Is" and/or "Engineer IIs . . . whom CenturyLink classified as "exempt" from FLSA overtime requirements[.]" *Id.* at 3. CenturyLink alleges that these employees lack any connection to Montana. CenturyLink urges the Court to extend the reasoning in *Bristol-Meyers* to Seiffert's FLSA collective action. The district court's analysis in *Swamy* proves more applicable here. *Bristol-Meyers* does not divest the Court's personal jurisdiction over Seiffert's "similarly situated" class under the FLSA, regardless of where the Opt-in Plaintiffs may have suffered the alleged injury. Nothing in the plain language of the FLSA limits its application to in-state plaintiffs' claims. 29 U.S.C. § 216(b).

CenturyLink further argues that *Campbell v. City of Los Angeles*, 903 F.3d 1090 (9th Cir. 2018), stands for the proposition that a party must demonstrate that a district court possesses personal jurisdiction as to each opt-in member of a collective action. The Ninth Circuit analyzed whether a pair of collective actions brought by officers of the Los Angeles Police Department should be *decertified* on the ground that the officers within each action were not "similarly situated" pursuant to 29 U.S.C. § 216(b).

The Ninth Circuit clarified the distinction between an FLSA collective action and class action brought under Fed R. Civ. P. 23. Each plaintiff who opts in to a collective action under the FLSA becomes an equal party to the lawsuit. *Campbell*, 903 F.3d at 1104 (*citing Halle v. W. Penn Allegheny Health Sys. Inc.*,

842 F.3d 215, 225 (3d Cir. 2016)). An action for an opt-in plaintiff is deemed "commenced" when the plaintiff files its opt-in form with the district court. *Campbell*, 903 F.3d at 1104 (*citing* 29 U.S.C. § 256). This form of collective action under the FLSA differs from a Rule 23 class action. The named plaintiff under Rule 23 litigates the class members' interests on behalf of the class members. *Campbell,* 903 F.3d at 1105.

CenturyLink insists that the Ninth Circuit's reasoning in *Campbell* extends to the issue of personal jurisdiction in FLSA collective actions. *Campbell* addressed the issue of decertification. This decision regarding decertification occurs after opt-in plaintiffs have filed their forms with the district court. *Id.* at 1101. Seiffert's collective action has not yet reached the notice phase of litigation.

The issue of whether a district court possesses personal jurisdiction cannot be premised upon the residence of each opt-in plaintiff. No FLSA collective action case ever could reach the certification issue if the district court had to evaluate whether it possessed personal jurisdiction over each new opt-in plaintiff. The residences of the opt-in plaintiffs lack relevance to the issue of specific jurisdiction. *See AM Tr. v. UBS AG*, 78 F.Supp.3d 977, 968 (N.D. Cal. 2015), aff'd, 681 Fed. App'x 587 (9th Cir. 2017) (determining that the claims of the named parties to the lawsuit constituted the only relevant consideration for purposes of determining personal jurisdiction).

The original plaintiff in a collective action under the FLSA dictates a district court's analysis of specific jurisdiction. *Id.* The district court in *Senne v. Kansas City Royals Baseball Corp.*, 105 F.Supp.3d 981, 1022 (N.D. Cal. 2015), reached a similar conclusion with regard to a collective action involving minor league baseball players who worked and resided throughout the country. The Court has determined that specific jurisdiction exists over Plaintiff Seiffert's claim. *Campbell* does not compel a different conclusion with regard to the Court's exercise of personal jurisdiction. Defendants do not contend that the Court lacks the power to exercise specific jurisdiction over Seiffert's claim.

The Court possesses personal jurisdiction over Seiffert, the sole named plaintiff in this FLSA collective action. This proper exercise of personal jurisdiction over Seiffert proves sufficient at this stage of the case to satisfy the personal jurisdiction requirement for an FLSA collective action. The Supreme Court's analysis in *Bristol-Myers* did not intend to restrict the Court's exercise of personal jurisdiction in FLSA collective action cases. *Bristol-Myers*, 137 S.Ct. at 1782-83; *Swamy*, at *2.

## II.    CenturyLink is Not Entitled to Move This Case to Louisiana.

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have

consented." 28 U.S.C. § 1404(a). Defendants argue that the Court should transfer the case to the Western District of Louisiana. CenturyLink maintains its headquarters in Louisiana and a district court in Louisiana could exercise its general jurisdiction over CenturyLink. (Doc. 31 at 20.)

The moving party bears the burden of proof to show why the forum should be changed. *Anderson v. Thompson*, 634 F.Supp. 1201, 1204 (D. Mont. 1986). A court should deny the motion to transfer where the transfer only would shift the inconvenience from the defendant to the plaintiff. *Id.* The Court previously analyzed five factors pursuant to a similar transfer request made by CenturyLink in *Grady v. CenturyLink*, CV-15-85-BLG-BMM (Doc. 36-1.). These factors included: (1) plaintiffs' choice of forum; (2) the location where relevant agreements were negotiated and executed; (3) access to proof; (4) convenience of witnesses and availability of compulsory process; and (5) relevant contacts. *Id.* at 3-8.

The Court in *Grady* deferred to the Plaintiffs' choice of forum in light of both parties' significant contacts. *Id.* at 4. The Court determined the location of relevant agreements and access to proof elements to be neutral. *Id.* at 4-5. The convenience of witnesses and availability of compulsory process element weighed slightly in favor of transfer because some witnesses live outside the potential forums. *Id.* Finally, the relevant contacts element weighed against transfer. Both plaintiffs in *Grady* lived and worked in Montana during the relevant time period

and CenturyLink conducted business in Montana, where the cause of action arose. *Id.* at 7-8.

Defendants seek to distinguish the facts of this case from *Grady* to sway the factors in favor of transfer (Doc. 31 at 13.) Defendants allege that, unlike *Grady*, Seiffert's choice of forum should be afforded little weight now that he lives outside Montana. *Id.* Defendants argue that Seiffert's move outside Montana distinguishes the case from *Grady*, where one of the named plaintiffs continued to reside in Montana when the plaintiffs brought the action.

Courts generally grant great weight to a plaintiff's choice of forum. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). A plaintiff's choice of forum should be given less weight, however, when an individual represents a class under Rule 23. *Id.* The court should consider the extent of both parties' contacts to decide the weight to be assigned to the plaintiff's choice of forum. *Id.* The court should afford only "minimal consideration" to the plaintiff's choice of forum when no operative facts occurred within the forum and the forum possesses no interest in the parties or subject matter. *Id.* As noted by the Ninth Circuit in *Campbell*, however, a Rule 23 class action differs from the FLSA collective action filed by Seiffert. *Campbell*, 904 F.3d at 1105.

The same reasoning and conclusion apply to the facts of this case as in *Grady*. Identical to the plaintiffs in *Grady*, Seiffert lived and worked in Montana

during the time when the alleged misconduct by CenturyLink occurred. CenturyLink employed Seiffert in Montana. Seiffert alleges that he suffered damages caused by CenturyLink in Montana. The operative facts occurred within Montana. The Court defers to Seiffert's choice of forum.

Defendants next argue that Louisiana represents the more convenient forum. (Doc. 31 at 23.) Defendants point out that neither Seiffert, nor any opt-in Plaintiff, currently reside in Montana. Montana would be convenient for no party. *Id.* at 25. Further, Defendants argue that nonparty witness convenience favors transfer. *Id.* Finally, Defendants argue that Louisiana would be a more convenient and less expensive forum for CenturyLink. *Id.*

The reasoning in *Grady* applies here. Most of the major witnesses in *Grady* would have consisted of the parties themselves or the employees of CenturyLink. Some of the witnesses in *Grady* lived outside any of the potential forums. The district court in *Senne* faced a similar issue. The district court examined an FLSA collective action brought by current and former minor league baseball players who asserted that they had been paid illegally low wages. *Senne*, 105 F.Supp.3d at 991.

Approximately 188 minor league teams operated throughout the United States. Defendants asked the district court to transfer the action to the Middle District of Florida, where 23 minor league teams were based. *Id.* at 1045-1046. Defendants argued that the Middle District of Florida contained the greatest

concentration of minor league teams and employees. *Id.* at 1046. Defendants

pointed out that the training occurred in Florida and that most players had signed

contracts in Florida. *Id.*

The district court recognized that parties and witnesses resided throughout

the country. These parties and witnesses would be required to travel regardless of

where the trial took place. The transfer of the action would "simply shift the

inconvenience from some parties and witnesses to others." *Id.* at 1060. This factor

weighed against transfer and the district court declined to transfer the case. *Id.*

The transfer of this action outside Montana similarly would "shift the

inconvenience from some parties and witnesses to others." *Id.* As in *Grady*, nearly

all Plaintiffs reside outside Montana and Louisiana. The main witnesses likely will

consist of the parties themselves and CenturyLink employees. The majority of

potential employee witnesses live outside both Montana and Louisiana. Defendants

argue that a federal court in Louisiana would possess greater subpoena power

under Rule 45 than this Court. This factor weighs only slightly in favor of transfer

as it did in *Grady*.

Finally, Defendants argue that Seiffert lacks any contacts with the forum

because Seiffert no longer lives or works in Montana. Defendants point out that no

named plaintiff now resides in Montana and only 25 opt-in Plaintiffs reside in

Montana. (Doc. 31 at 25.) Seiffert both lived and worked in Montana during the

relevant time period. CenturyLink continues to conduct business in Montana. The cause of action arose from that conduct in Montana. This factor weighs against transfer.

## CONCLUSION

Having considered the motion to dismiss, and the factors pertinent to the motion to transfer the present action to the Western District of Louisiana, the Court has determined that the factors weigh against transfer.

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss opt-in Plaintiffs, or in the Alternative, Transfer Venue (Doc. 30) is **DENIED.**

DATED this 14th of December, 2018.

Brian Morris
United States District Court Judge