William W. Mercer
Brianne C. McClafferty
HOLLAND & HART LLP
401 North 31st Street
Suite 1500
P.O. Box 639
Billings, MT 59103-0639
Telephone: (406) 252-2166
Fax: (406) 252-1669
Email: wwmercer@hollandhart.com
       bcmcclafferty@hollandhart.com

Brian Mumaugh (*via pro hac vice*)
HOLLAND & HART LLP
555 Seventeenth St., Ste. 3200
P.O. Box 8749
Denver, CO 80201-8749
Telephone: (303) 295-8551
Fax: (303) 713-6255
Email: bmumaugh@hollandhart.com

Chris R. Pace (*via pro hac vice*)
Justin M. Dean *(via pro hac vice)*
Kyle O'Brien (*via pro hac vice*)
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
4520 Main Street, Suite 400
Kansas City, MO 64111
Telephone: (816) 471-1301
Fax: (816) 471-1303
Email: chris.pace@ogletree.com
       justin.dean@ogltree.com
       kyle.obrien@ogletree.com

ATTORNEYS FOR DEFENDANTS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| **JORDAN SEIFFERT, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**QWEST CORPORATION D/B/A CENTURYLINK QC AND CENTURYLINK COMMUNICATIONS, LLC,**<br><br>**Defendants.** | **Case No. 4:18-CV-00070-BMM**<br><br>**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO CERTIFY ORDER FOR INTERLOCUTORY REVIEW** |

This case presents a controlling question of law that has split district courts across the country and upon which there is no guidance from the Ninth Circuit or any other federal appellate court: whether *Bristol-Myers Squibb v. Superior Court of California*, 137 S. Ct. 1773 (2017) deprives the Court of specific personal jurisdiction over the claims of non-resident plaintiffs in an FLSA collective action. Courts in this circuit and others agree that the FLSA does not provide for nationwide service of process. *See, e.g., Senne v. Kansas City Royals,* 105 F. Supp. 3d 981, 1014 (N.D. Cal. 2015) (noting that FLSA's silence as to nationwide service obligates courts to apply law of forum state); *Langlois v. Déjà vu, Inc.* 984 F. Supp. 1327,

2

1333 (W.D. Wash. 1997) (same). And there is no dispute that, absent such a nationwide service of process provision, Federal Rule of Civil Procedure 4(k)(1)(A) confines a federal court's jurisdiction to that of a forum-state state court. Nevertheless, the question of whether *Bristol-Myers* applies in the FLSA collective action context remains a novel legal issue, upon which there is no Ninth Circuit authority that has split district courts across the country. Therefore, and in accordance with 28 U.S.C. § 1292(b) and Federal Rule Appellate Procedure 5(a)(3), Defendants respectfully move the Court for an order certifying its December 14, 2018 Order denying Defendant's Motion to Dismiss, or in the Alternative, Transfer Venue [Doc. 65] for interlocutory appeal.

## I.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On April 30, 2018, Plaintiff Jordan Seiffert filed a Complaint alleging he and other purportedly "similarly-situated" current and former Engineers who worked for Defendants are entitled to overtime pay under the Fair Labor Standards Act ("FLSA"). *See* Doc. 1. Plaintiff Seiffert formerly worked for CenturyLink as an Engineer in Minnesota from March 2011 to December 2015, and in Montana from December 2015 until December 2016. Doc. 1 at ¶ 12. Plaintiff filed his Motion for FLSA Conditional Collective Action Certification and Notice, in which he sought certification of a nationwide collective action, on October 10, 2018. *See* Docs. 43, 44. Defendants have consented to conditional certification and the issuance of

notice, but have preserved their argument that the Court lacks personal jurisdiction over those putative Plaintiffs who did not work or reside in Montana. Doc. 66.

On July 3, 2018, Defendants filed their Motion to Dismiss or, in the Alternative, Transfer Venue in which they requested the Court dismiss, or in the alternative to transfer venue for, the claims of all opt-in Plaintiffs on jurisdictional grounds, based on the Supreme Court's ruling in *Bristol-Myers*. *See* Docs. 30, 31. In their motion, Defendants noted that only 2.3% of the putative plaintiffs in this matter worked in the state of Montana, and none of the 24 plaintiffs who had filed their consents to join the lawsuit as of that date had lived or worked for Defendants in Montana during the relevant time period. *See* Doc. 31 at 10, 11. After full briefing, the Court held oral argument on Defendant's Motion on December 4, 2018 (Doc. 62), and issued its order denying the Motion on December 14, 2018. Doc. 65.

## II.  LEGAL STANDARDS

Parties generally may only appeal final orders that end litigation. *Couch v. Telescope Inc.,* 611 F.3d 629, 632 (9th Cir. 2010). But there is an exception to this general rule in 28 U.S.C. § 1292(b), which authorizes a district court to certify an order not otherwise appealable for interlocutory review by the Court of Appeals if it finds (1) that the order relates to a controlling question of law, (2) upon which there are substantial grounds for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *In re Cement Antitrust*

*Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981); *see also Galilea, LLC v. AGCS Marine Insurance Company*, 2016 WL 1328920, at *5 (D.Mont. Apr. 5, 2016). All three requirements are satisfied here.

## III.   ARGUMENT AND AUTHORITIES

Whether *Bristol-Myers* applies to collective actions is an important, emerging question of law that presents a "substantial ground for difference of opinion" and that, if ultimately decided in Defendants' favor, could greatly reduce the scope of this case, thereby conserving the parties' resources and materially advancing the resolution of the lawsuit. *See* 28 U.S.C. § 1292(b). Though Section 1292(b) "is to be applied sparingly and only in exceptional cases," this is precisely that type of exceptional case because it presents a novel and unresolved issue warranting interlocutory review. *United States v. Woodbury*, 263 F.2d 784, 799 n.11 (9th Cir. 1959).

In fact, this Court's sister court in the District of Columbia found a similar issue—whether *Bristol-Myers* applies to absent class members in Rule 23 cases—to be so pivotal, and so fundamental to the course of the litigation, that it recently certified its order denying a motion to dismiss for interlocutory review by the D.C. Circuit. *See Molock v. Whole Foods,* 317 F. Supp. 3d 1, 3 (D.D.C. 2018), *pending on appeal sub nom. Michael Molock, et al. v. Whole Foods Market, Inc., et al.,* 18-7162 (2018). And it did so in a case in which *Bristol-Myers* is arguably less

applicable than it is in the present case. In *Bristol-Myers,* the Supreme Court found that courts lacked jurisdiction over the claims of non-resident plaintiffs. *Molock* involves a claim of wage and hour violations under state law, and the plaintiff seeks class certification of a Rule 23 class comprised of *absent class members* residing in locations across the country.

Here, by contrast, the opt-in plaintiffs are *parties,* not absent class members. *Campbell v. City of Los Angeles,* 908 F.3d 1090, 1105 (9th Cir. 2018) (FLSA opt-in plaintiffs are *parties*, not absent "class members," who have "the same status in relation to the claims of the lawsuit as [that held by] the [original] named plaintiffs" (brackets in original) (citation omitted). Because this case involves non-resident *parties,* not non-resident absent class members, the case for interlocutory review is stronger than in *Moloch.*

Regardless, the *Molock* judge found an immediate appeal of his order denying defendant's motion to dismiss would "conserve judicial resources and spare the parties from possibly needless expense if it should turn out that this Court's ruling [ ] [is] reversed." *Molock*, 317 F. Supp. 3d at 3 (D.D.C. 2018) (quoting *APCC Servs., Inc. v. Spring Commc'ns Co.,* 297 F. Supp. 2d 90, 100 (D.D.C. 2003)). The judge also determined that whether *Bristol-Myers* applies to a putative nationwide class action was a controlling issue of law in an area in which no circuit has yet spoken and upon which the district courts around the country are split. Therefore, the court

concluded, a certifying the order for interlocutory appeal would "materially advance the ultimate termination of the litigation." *Id.* at 5, 7.

Whether *Bristol-Myers* applies to a putative nationwide collective action, comprised of parties, not absent class members, similarly (1) involves a controlling question of law, (2) upon which there is a stark difference of opinion, and (3) resolution of this issue may materially alter the entire course and scope of this litigation. Defendants respectfully request that this Court follow the *Molock* court's lead, grant this motion, and certify this issue for interlocutory review. *See Tidewater Oil Co. v. United States*, 409 U.S. 151, 179 (1972) (observing the "contemporary view that interlocutory appeals involving important and controlling questions of law are a useful means of expediting litigation.").

### A. The Court's Decision in its December 14, 2018 Order turns on a Controlling Question of Law.

A question of law is "controlling," and thus suitable for interlocutory review, when it is one that would "materially affect the outcome of the litigation in district court." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981). Matters centering on the Court's jurisdiction are "controlling." *See Falco v. Nissan North America Inc.*, 108 F. Supp. 3d 889, 892 (C.D. Cal. 2015) (finding the question of specific personal jurisdiction over a defendant to be a "controlling issue of law").

This is such a case. Defendant asserts that this Court lacks specific personal jurisdiction over the claims of non-resident opt-in Plaintiffs. The opt-in Plaintiffs

7

who never worked in Montana cannot allege any occurrence or injury to tie their claims to the District of Montana. *See Bristol-Myers,* 137 S.Ct. at 1780 (specific jurisdiction requires an "activity or an occurrence that takes place in the forum") (citation omitted). Consequently, if *Bristol-Myers* applies to FLSA collective action plaintiffs, then the out-of-state opt-in Plaintiffs' claims should be dismissed for lack of specific jurisdiction and the putative collective would contract to approximately two percent of its current potential size.

### B. There is Substantial Ground for Difference of Opinion Concerning this Controlling Question of Law.

In the Ninth Circuit, there is substantial ground for difference of opinion concerning a controlling question of law "where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Couch,* 611 F.3d at 633 (internal quotation omitted); *Reese v. BP Expl. (Alaska) Inc.,* 643 F.3d 681, 688 (9th Cir. 2011) ("Courts traditionally will find that a substantial ground for difference of opinion exists where…novel and difficult questions of first impression are presented.") (citations omitted). Here, there is substantial ground for difference of opinion as to whether *Bristol-Myers* applies to FLSA opt-in plaintiffs for two reasons. First, neither the Ninth Circuit, nor any other circuit, has yet weighed in on the application of *Bristol-*

*Meyers* to collective or class actions. Second, this novel and difficult issue of first impression has resulted in divergent decisions from district courts across the country.

*Bristol-Myers* addressed a question of personal jurisdiction regarding the claims of non-resident plaintiffs in state court; it did not expressly address federal claims pending in federal court. But no federal court since *Bristol-Myers* has suggested Federal Rule of Civil Procedure 4(k)(1)(A), which aligns federal district court jurisdiction with the confines of personal jurisdiction exercised by the state courts of the forum in which a district court sits, does not apply in FLSA cases. Nor has any court expressly held that the FLSA provides for nationwide service of process in accordance with Rule 4(k)(1)(C), which authorizes nationwide service of process "when authorized by a federal statute." Nor could they reasonably do so. Congress authorizes nationwide service of process when a statute provides for service "wherever [a party] may be found." *BNSF Ry. Co. v. Tyrell,* 137 S. Ct. 1549, 1553 (2017) (emphasis supplied). The FLSA does not do this. Rather, it provides for jurisdiction "in any Federal or State court *of competent jurisdiction. . . .*" 29 U.S.C. § 216(b). Courts in this Circuit and others have found this language does *not* provide for nationwide service of process. *See, e.g., Senne v. Kansas City Royals,* 105 F. Supp. 3d 981, 1014 (N.D. Cal. 2015) (noting that FLSA's silence as to nationwide service obligates courts to apply law of forum state); *Langlois v. Déjà vu, Inc.* 984 F. Supp. 1327, 1333 (W.D. Wash. 1997) (same). *See also Aviles v. Kunkle,* 978 F.2d

201, 203-04 (5th Cir. 1992); *Nicks v. Koch Meat Co.,* 2016 WL 6277489 at *3 (N.D. Ill. Oct. 27. 2016); *McCarthy v. Waxy's Keene, LLC,* 2016 WL 4250290 at *2 (D. N.H. Aug. 10, 2016).

There is, therefore, no substantial grounds for a difference of opinion as to whether Federal Rule of Civil Procedure 4(k) applies to FLSA cases (it does), or whether the FLSA provides for nationwide service of process (it does not). Instead, after *Bristol-Myers,* courts have fallen into two categories: those that specifically address the impact of Rule 4(k) on class and collective actions, and those that do not. On the one hand, a significant number of courts hold that *because* the FLSA does not provide for nationwide service of process and, because Rule 4(k) confines federal jurisdiction to that which could be exercised by a state court, *Bristol-Myers* applies to putative collective actions. *See, e.g., Roy v. FedEx Ground Package System, Inc.,* --F. Supp. 3d--, 2018 WL 6179504, at *1 (D.Mass. Nov. 27, 2018) (noting FLSA does not provide for nationwide service of process and concluding "the claims of potential opt-in out-of-state employees do not provide the court with a basis to exercise personal jurisdiction over [defendant] as to such claims"); *Maclin v. Reliable Reports of Tex., Inc.*, 2018 WL 1468821, at *4 (N.D. Ohio Mar. 26, 2018) (rejecting the position that *Bristol-Myers* did not apply in a putative nationwide FLSA action and dismissing the FLSA claims of non-Ohio plaintiffs for lack of personal jurisdiction)*; Horowitz v. AT&T, Inc.,* 2018 WL 1942525, at *14-15 (D.N.J.

Apr. 25, 2018) (citing *Bristol-Myers* and finding absence of personal jurisdiction in a putative class action over claims of nonresident plaintiffs in collective action).

On the other hand, there are those courts, like *Swamy v. Title Source Inc.*, 2017 WL 5196780 (N.D. Cal. Nov. 10, 2017), cited by the Court in its Order, that do not address Federal Rule of Civil Procedure 4 or the FLSA's jurisdictional provisions at all, but nevertheless find *Bristol-Myers* inapplicable to an FLSA collective action.

The question of whether *Bristol-Myers* applies to absent class members in putative *class* actions—which arguably is a closer call than it is in the FLSA context where opt-in plaintiffs are *parties*—has similarly resulted in conflicting answers and opinions from courts throughout the country. Numerous courts have held *Bristol-Myers was* applicable to putative class actions. *See, e.g., Gaines v. General Motors, LLC.,* 2018 WL 3752336 (S.D. Cal. Aug. 7, 2018) (finding *Bristol-Myers* applicable to name parties in class context); *Practice Mgmt. Support Servs., Inc. v. Cirque de Soleil, Inc.*, __ F. Supp. 3d __, 2018 WL 1255021, at *15–17 (N.D. Ill. Mar. 12, 2018); *Anderson v. Logitech, Inc.*, 2018 WL 1184729, at *1 (N.D. Ill. Mar. 7, 2018); *DeBernardis v. NBTY, Inc.,* 2018 WL 461228, at *2 (N.D. Ill. Jan. 18, 2018); *McDonnell v. Nature's Way Prods., LLC*, 2017 WL 4864910 at *4 (N.D. Ill. Oct. 26, 2017); *Wenokur v. ACA Equitable Life Ins. Co.*, No. 2017 WL 4357916, at *4, n.4 (D. Ariz. Oct. 2, 2017); *In re Dental Supplies Antitrust Lit.,* 2017 WL 4217115, at *8–9 (E.D.N.Y. Sept. 20, 2017). But other courts have held *Bristol-Myers* was *not*

applicable to putative class actions. *See, e.g., Becker v. HBN Media, Inc.,* 2018 WL 3007922, at *3 (S.D. Fla. June 6, 2018); *Tickling Keys, Inc. v. Transamerica Fin. Advisors, Inc.*, 2018 WL 1701994, at *6 (M.D. Fla. Apr. 4, 2018); *Molock v. Whole Foods Mkt., Inc.*, 297 F. Supp. 3d 114 (D.D.C. 2018); *In re Chinese-Manufactured Drywall Prod. Liab. Litig.,* 2017 WL 5971622, at *12 (E.D. La. Nov. 30, 2017); *Fitzhenry-Russell v. Dr. Pepper Snapple Grp*., Inc., 2017 WL 4224723, at *3 (N.D. Cal. Sept. 22, 2017); *Morgan v. U.S. Xpress, Inc.,* 2018 WL 3580775, at *5 (W.D.Va. July 15, 2018).

Notably, at least one court in the Ninth Circuit has found *Bristol-Myers* applies to all named plaintiffs in a class action pending in federal court. In *Gaines v. General Motors, LLC,* the Southern District of California readily concluded that *Bristol-Myers* applied to the claims of non-resident named plaintiffs. 2018 WL 3752336. Because the Ninth Circuit has held that opt-in Plaintiffs in FLSA collective actions have "the same status"[1] as the original named plaintiffs, there is at least a substantial question as to how the Circuit would approach this question.

In short, the breadth of *Bristol-Myers'* application remains an unsettled, and fragmented, question of law. The lack of circuit authority, and the novel and difficult questions of first impression regarding personal jurisdiction in the context of an FLSA collective action—which have resulted in a split of decisions among district

---

[1] *Campbell*, 908 F.3d. at 1105.

courts—demonstrate this is "an issue over which reasonable judges might differ." *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (citing *In re Cement Antitrust Litig.*, 673 F.2d at 1028). Such "uncertainty provides a credible basis" for difference of opinion concerning a controlling question of law on this issue. *Id.*

### C. Resolution of This Controlling Question of Law Will Materially Advance the Litigation.

Resolution of the question of whether *Bristol-Myers* applies to putative class actions would materially advance the termination of this litigation. 28 U.S.C. § 1292(b). Certification of an interlocutory appeal is appropriate when granting certification "would avoid protracted and expensive litigation." *In re Cement*, 673 F.2d at 1026; *see also United States v. Adam Bros. Farming, Inc.*, 369 F. Supp. 2d 1180, 1182 (C.D. Cal. 2004) (resolution of a question materially advances the termination of litigation if it "facilitate[s] disposition of the action by getting a final decision on a controlling legal issue sooner, rather than later in order to save the courts and the litigants unnecessary trouble and expense.") (internal quotation marks and citation omitted).

Here, only approximately 2% of the putative plaintiffs in this matter worked in the state of Montana. *See* Doc. 31 at 10. Consequently, if Defendants' position prevails upon appeal, and the claims of non-Montana plaintiffs cannot be adjudicated in this Court, an interlocutory determination would save the Court and the parties

the unnecessary cost of engaging in needless but very costly litigation. Without interlocutory review now, there is considerable risk that the parties will invest months—perhaps years—litigating this matter through trial only to have the claims of non-resident Plaintiffs dismissed following a successful appeal on jurisdictional grounds, which would necessitate redundant litigation (with potentially different outcomes but a certainty of additional expense) in another forum. The *only* way to avoid this risk is to grant Defendants' request for permission to appeal now.

As the court noted in *Molock,* whether *Bristol-Myers* applied to "claims of unnamed, nationwide putative class members in a federal court is a threshold jurisdictional question." 317 F. Supp. 3d at 4. While the *Molock* court concluded that *Bristol-Myers* did not apply in the Rule 23 class action context, it acknowledged "[o]n the other hand, if the court is wrong and it lacks specific jurisdiction over such claims, this court could not entertain a nationwide class action and the most Plaintiffs could seek to certify is a District of Columbia class," and "the difference in scope of these two scenarios need not be belabored." 317 F. Supp. 3d at 4. "[G]iven the potential of avoiding burdensome discovery costs and conserving judicial resources in the event of a reversal," certification for interlocutory review would "materially advance the ultimate termination of the litigation." 317 F. Supp. 3d at 7. For the same reasons, in this matter "getting a final decision on [this] controlling legal issue sooner, rather than later" would materially advance the termination of this litigation

because it could potentially save "the courts and the litigants unnecessary trouble and expense." *Adam Bros. Farming, Inc*., 369 F Supp.2d at 1182. Defendants respectfully request the Court certify its December 14, 2018 Order (Doc. 65) for review.

### IV. CONCLUSION

Whether *Bristol-Myers* applies to collective actions is an important, developing question of law that no circuit court has yet addressed. Without review now, the parties will engage in protracted litigation that may ultimately be rendered moot, which would necessitate redundant litigation in another district. Because the Court's December 14, 2018 Order satisfies each of section 1292(b)'s three criteria, Defendants request the Court grant this motion for permissive appeal.

DATED this 9th day of January, 2019.

William W. Mercer
Brianne C. McClafferty
HOLLAND & HART LLP
401 North 31st Street
Suite 1500
P.O. Box 639
Billings, MT 59103-0639
Telephone: (406) 252-2166
Fax: (406) 252-1669
Email: wwmercer@hollandhart.com
       bcmcclafferty@hollandhart.com

Brian Mumaugh (via *pro hac vice)*
HOLLAND & HART LLP
555 Seventeenth St., Ste. 3200
P.O. Box 8749
Denver, CO 80201-8749
Telephone: (303) 295-8551
Fax: (303) 713-6255
Email: bmumaugh@hollandhart.com

/s/ Chris R. Pace
Chris R. Pace (*via pro hac vice*)
Justin M. Dean *(via pro hac vice)*
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
4520 Main Street, Suite 400
Kansas City, MO  64111
Telephone:  (816) 471-1301
Fax:  (816) 471-1303
Email:  chris.pace@ogletree.com
           justin.dean@ogltree.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE
## L.R. 5.2(b)

*****

I hereby certify that, on January 9, 2019, a copy of the foregoing document was served on the following persons by the following means:

<u>1-6</u>   CM/ECF

1. Clerk, U.S. District Court

2. Philip McGrady, McGrady Law Firm, 309 Wisconsin Avenue, Whitefish, MT 59937

3. Rowdy B. Meeks (*via pro hac vice*), Rowdy Meeks Legal Group LLC, 8201 Mission Road, Suite 250, Prairie Village, KS 66208

4. Tracey F. George (*via pro hac vice*), Davis George Mook LLC, 1600 Genessee, Suite 328, Kansas City, MO 64102

5. Brian Mumaugh *(via pro hac vice)*, Holland & Hart LLP, 555 Seventeenth Street, Suite 3200, P.O. Box 8749, Denver, CO 80201-8749

6. Chris R. Pace, Justin M. Dean, (*via pro hac vice*), Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 4520 Main Street, Suite 400, Kansas City, MO 64111

                                          */s/ Chris R. Pace*

36872089.1